Irshad HUSSAIN; Bukhari Nuzhat;
Bukhari Adnaan; Faizaan
Bukhari, Petitioners,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 99–71174.
INS Nos. A74–827–058/057/056/055.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 15, 2001.

Decided May 8, 2001.

As Amended on Denial of Rehearing
July 11, 2001.

Before GOODWIN, HUG, and W.
FLETCHER, Circuit Judges.

MEMORANDUM *

Applicants for asylum, Irshad Hussain,
his wife Nuzhat Bukhari, and their two
children, appeal the Board of Immigration
Appeals' (BIA) final order affirming the

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as provided by 9th Cir.
R. 36–3.

Immigration Judge's (IJ) denial of their petition for asylum and withholding of deportation. We reverse.

Hussain, the principal petitioner, was a dentist practicing in Lahore, Pakistan, from 1958 until 1995, when he and his family entered the United States as visitors. In their claim for asylum, Hussain asserted that they left Pakistan because, in the years between 1991 and 1995, they became victims of systematic persecution at the hands of fundamentalist extremists whom the government made no effort to control. In addition to abuse by uncontrolled bands of religious zealots, Hussain was subjected to frequent police harassment based on complaints lodged against him by his tormentors. There was clear and convincing evidence that the threats and abuse of the family were based on the doctor's willingness to furnish professional care to members of disfavored religious minorities at a time when the community was hostile toward nonconforming persons whose lack of religious zeal and practice did not meet with the approval of the local majority.

The record also contains abundant evidence that the past persecution of the family would continue in the future if he returned to Lahore. The IJ discounted this uncontradicted testimony because it seemed to be inconsistent with published boiler plate from the 1996 State Department *Country Report*, which describes Pakistan as pro-western, despite its statement that "the overall human rights situation remains poor."

The IJ made an adverse credibility finding because Hussain's testimony did not conform to the "official" view of conditions in Pakistan. The IJ's finding is not supported by substantial evidence. *See Gafoor v. INS*, 231 F.3d 645, 654 (9th Cir.2000) (rejecting the BIA's finding of changed country conditions and observing that the State Department country report relied upon by the BIA was "hopelessly out of date," thereby making it "impossible to ignore the dangers faced by Indo–Fijians in Fiji"). Dr. Hussain described in chilling detail his condition in Lahore while the government apparently looked on with indifference. On this record, Hussain proved that he suffered past persecution and has established a well-founded fear of persecution, thereby establishing that he is eligible for asylum. He also established a clear probability of future persecution, making him eligible for a grant of withholding of deportation.

Petition Granted.